**STATE WATER CONTROL BOARD et al., Plaintiffs,**

v.

**WASHINGTON SUBURBAN SANITARY COMMISSION, Defendant.**

**Civ. A. No. 1813–73.**

United States District Court, District of Columbia, Civil Division.

Jan. 16, 1974.

Andrew P. Miller, Atty. Gen. of Va., Gerald L. Baliles, Deputy Atty. Gen.,

Vann H. Lefcoe, James E. Ryan, Jr., Asst. Attys. Gen., Richmond, Va., for State Water Control Bd.

Frederic Lee Ruck, Co. Atty., John F. Rick, William E. Donnelly, III, Asst. Co. Attys., Fairfax, Va., for Fairfax County, Va.

C. Francis Murphy, Corp. Counsel, D C., John C. Salyer, III, Iverson O. Mitchell, III, Asst. Corp. Counsel, D. C., Washington, D. C., for Dist. of Columbia.

John B. Kenkel, J. Eugene Cleary, Hyattsville, Md., John P. Arness, James A. Hourihan, Curtis E. von Kann, Hogan & Hartson, Washington, D. C., for Washington Suburban Sanitary Comm.

John E. Varnum, Pollution Control Section, Dept. of Justice, Washington, D. C., for the U. S.

Richard S. McKernon, County Atty., Stephen P. Johnson, Joseph Ferrante, Jr., Asst. County Attys., Rockville, Md., for Montgomery County, Md.

Joseph S. Casula, County Atty., Michael O. Connaughton, John R. Barr, Robert N. Boyer, Associate County Attys., Upper Marlboro, Md., for Prince George's County, Md.

Francis B. Burch, Atty. Gen., Henry R. Lord, Deputy Atty. Gen., Warren K. Rich, Sp. Asst. Atty. Gen., Annapolis, Md., for State of Md.

William C. Bauknight, Fairfax, Va., Fred C. Alexander, Jr., Alexandria, Va., Stephen D. Annand, Boothe, Prichard & Dudley, Fairfax, Va., for Loudoun County Sanitation Authority.

Charles G. Dalrymple, Silver Spring, Md., for Arlan Housing Corp., and others.

## MEMORANDUM OPINION AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

This is an action for Declaratory Judgment and Permanent Mandatory Injunction respecting violations of alleged

contractual agreements, as well as Section 10 of the Federal Water Pollution Control Act of 1970, 33 U.S.C. § 1160, and federal common law of interstate waters. The controversy evolves from discharges of untreated sewage into the Potomac and Anacostia Rivers. The case is before the court on a motion to intervene as a party defendant by the State of Maryland.

The original complaint, filed by the State Water Control Board for the Commonwealth of Virginia, Fairfax County, Virginia, and the District of Columbia (hereinafter state plaintiffs), sought to enforce two agreements between plaintiffs and defendant Washington Suburban Sanitary Commission.[1] The issues involved are primarily ones of contract law.

Subsequent to the filing of the original complaint by the state plaintiffs, the United States obtained leave to intervene as a party plaintiff in order to obtain relief for alleged violations of water quality standards under Section 10 of the Federal Water Pollution Control Act of 1970 as well as under federal common law. The United States alleges no cause of action under the aforementioned agreements.

▉ The chief issue presented by this motion is whether Maryland's entry as a party defendant will divest this court of its jurisdiction on the ground that the resulting suit would become one between two states.

Article III, § 2, cl. 2, of the Constitution provides: "In all Cases . . . in which a State shall be a Party, the supreme Court shall have original Jurisdiction." Congress has further provided in 28 U.S.C. § 1251 that "(a) the Supreme Court shall have original and *exclusive* jurisdiction of: (1) All contro-

versies between two or more States . . . ." (emphasis added)

A review of case law on the subject shows that the Supreme Court has consistently accepted original and exclusive jurisdiction in cases between two states, even where as here, there is an additional defendant claiming public corporation status. See Missouri v. Illinois, 180 U. S. 208, 21 S.Ct. 331, 45 L.Ed. 497 (1901); New York v. New Jersey, 256 U.S. 296, 41 S.Ct. 492, 65 L.Ed. 937 (1921).

Maryland urges the court to grant intervention under a theory of ancillary jurisdiction. As support for this position, Maryland relies on Illinois v. City of Milwaukee, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972), which involved a motion by Illinois before the Supreme Court to file a bill of complaint against four cities in Wisconsin and two sewerage commissions therein. Wisconsin was not a named defendant. The Supreme Court denied the motion finding original but not exclusive jurisdiction and remitted the parties to an appropriate district court. Maryland advances that under *Illinois,* the Supreme Court, which acknowledged Wisconsin's interest, implied that such intervention would be allowed at the district level. This court does not agree.

In *Illinois,* the issue central to exclusive jurisdiction was whether the suit was in reality one against Wisconsin under a theory that the named defendants were instrumentalities of the state. The Court rejected this approach, and never addressed itself to the issue now under consideration. The Court did indicate that the "actions of public entities might, under appropriate pleadings, be attributed to a State so as to warrant a joinder of the State as party defendant." *Id.* at 94, 92 S.Ct. at 1388. This dictum,

---

1. The agreements in controversy are (1) Memorandum of Understanding on Washington Metropolitan Regional Water Pollution Control Plan (October 1970), and (2) Implementation of Paragraph # 10 of the Oc-

tober 1970 Memorandum of Understanding by the District of Columbia, Fairfax County and Washington Suburban Sanitary Commission (1971 Interim Chemical Agreement).

however, when considered in light of the Court's history of acknowledging original and exclusive jurisdiction in suits between two or more states merely indicates that exclusive jurisdiction would lie with the Court if joinder were granted.

It is beyond argument that under Art. III, § 2, cl. 2, and 28 U.S.C. § 1251, original and exclusive jurisdiction for suits between two or more states lies with the Supreme Court. Maryland has cited no authorities which would persuade this court to relax such a definitive jurisdictional statement in order to sustain jurisdiction over the proposed intervention against the state plaintiffs.

■ Maryland urges that if intervention is not granted, the present action should be dismissed since Maryland's interest in the matter is of such vital concern to it and its citizens that no complete remedy could be fashioned without its participation. Rule 19(b) of the Federal Rules of Civil Procedure provides that "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." The Rule lists four factors which the court should consider in making its determination.

The court has carefully reviewed these factors with reference to the contractual claims of the original complaint and concludes that Maryland is not an indispensable party to this portion of the suit. The claims of the original complaint respect the activities of a Maryland public corporation and not the State itself. While some of Maryland's citizens would undoubtedly be affected by the requested relief, Maryland's role as *parens patriae* is adequately filled by co-defendants Montgomery and Prince George's counties, Maryland which embrace all areas under the jurisdiction of the defendant Sanitary Commission. On the question of adequate relief, the record reveals no indication that the requested relief against the Sanitary Commission

would be hollow without Maryland's participation. Finally, the court considers it of no insignificance that in the strikingly similar factual situation of *Illinois*, the Supreme Court concluded that "while, under appropriate pleadings, Wisconsin could be joined as a defendant in the present controversy, it is not mandatory that it be made one." *Id.* at 97, 92 S.Ct. at 1390.

Turning now to the claims of the United States against the Washington Suburban Sanitary Commission, a review of the government's complaint shows the alleged controversy is not hinged on the above noted agreements, but rather on violations of water quality standards continued in effect under Section 303 of the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1313 (Supp. II, 1973).

■ Had the Government chosen to bring an independent action against the Sanitary Commission rather than intervene, at least permissive intervention by Maryland under Rule 24(b)(2) of the Federal Rules of Civil Procedure would have been appropriate. Consequently, the issue before the court is whether joinder of a party defendant against one of several plaintiffs is proper when joinder is improper against the others.

Notwithstanding the fact that the relief sought by the federal and state plaintiffs is generally overlapping, the fact remains that the causes of action are separate; one grounded in contract law, the other in federal water pollution law. Each can stand apart from the other and while both may cause the court to make similar findings of fact, each will necessitate separate conclusions of law. For this court to bar Maryland's intervention against the United States over a cause of action separate and apart from that of the state plaintiffs', would prejudice Maryland's interest as well as lay open the Federal Rules on joinder and intervention to potential misuse.

The court is also persuaded to permit Maryland's intervention against the

United States for an additional reason. In Montgomery Environmental Coalition et al. v. Fri et al., 366 F.Supp. 261 (hereinafter MEC), which is also before this court, the Governor of Maryland as well as various Maryland state agencies and the Washington Suburban Sanitary Commission are defendants to an action brought by private citizens alleging violations of the same water quality standards referred to in the complaint filed by the United States in this case. As a result of the proceedings in both cases, different plaintiffs in separate suits are alleging violations of the same water quality standards against the Sanitary Commission in both but only against Maryland in one. It is manifestly evident, that in order for Maryland to properly protect its interests, it should be permitted to defend against all challengers to the same transaction, in whichever suit they may be found.

Accordingly, Maryland's motion to intervene as a party defendant is granted as to the complaint filed by the United States and denied as to the complaint filed by the State Water Control Board, Fairfax County and the District of Columbia.